UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAWN MULLIGAN, individually and derivatively on behalf of ELITE ENTERPRISE SERVICES, LLC, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| JONATHAN KOOP and DAVID JEFFRESS, ) ) ) | CIVIL ACTION NO. |
| Defendants, ) ) | 15-40072-TSH |
| and ) ) | |
| ELITE ENTERPRISE SERVICES, LLC, ) Nominal Defendant, ) ) | |
| and ) ) | |
| THRIVE NETWORKS, INC. and DIGITAL FEDERAL CREDIT UNION, Trustee Defendants. ) ) ) ) | |

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

**July 28, 2015**

This action arises out of a business dispute between Plaintiff Shawn Mulligan and Defendant Jonathan Koop. Plaintiff and Defendant Koop each own a 50 percent interest in Elite Enterprise Services, LLC, a company doing business in the debt acquisition industry. Plaintiff asserts claims against Defendants for breach of fiduciary duty (Count I), misappropriation of trade secrets and confidential business information (Count II), and tortious interference with contractual business relations (Count III). Pending before this Court is Plaintiff's Motion for Preliminary Injunction (Docket No. 2). District courts in this Circuit consider four factors in determining whether to grant a preliminary injunction: "[1] the movant's likelihood of success

on the merits of its claims; [2] whether and to what extent the movant will suffer irreparable harm if the injunction is withheld; [3] the balance of hardships as between the parties; and [4] the effect, if any, that an injunction (or withholding of one) may have on the public interest." *Corporate Technologies, Inc. v.* Harnett, 731 F.3d 6, 9 (1st Cir. 2013). Upon consideration of the motion papers, pleadings and incorporated documents, and arguments of the parties at the motion hearing on July 20, 2015, the Court finds and rules as follows:

Plaintiff has a reasonable likelihood of success on the merits of at least some of his claims against the Defendants, and will be irreparably harmed if the Court does not issue injunctive relief. The harm Plaintiff will suffer is significant. Specifically, without an order enabling Plaintiff to resume certain operations on behalf of Elite Enterprise Services, LLC, the company will lose its competitive advantage in the debt acquisition industry, and risks going out of business. Further, injunctive relief will have no adverse effect on the public interest. However, much of Plaintiff's requested relief would inhibit Jonathan Koop's ability to pursue his own ventures. Defendant Koop's rights to pursue other business opportunities are expressly protected by paragraph 19(b) of the Operating Agreement for Elite Enterprise Services, LLC, which states:

> The Members . . . may engage in and possess interests in other business ventures and investment opportunities of every kind and description, independently or with others, including serving as managers and general partners of other limited liability companies and partnerships with purposes similar to those of the LLC. Neither the LLC nor any other Member shall have rights in or to such ventures or opportunities or the income or profits therefrom.

*See* Operating Agreement, Docket No. 22, Ex. 1, ¶ 19(b). The Court is conscious of the need to protect the business interests of each party during the pendency of this litigation. Thus, weighing the competing hardships that Plaintiff and Defendants stand to suffer, the Court grants the following injunctive relief.

IT IS HEREBY ORDERED:

(1)  The proceeds of any funds held in any checking or savings accounts in the name of Elite Enterprise Services, LLC at Federal Digital Credit Union shall be divided as follows: (a) one-third shall be released to the control of Plaintiff Shawn Mulligan; (b) one-third shall be released to the control of Defendant Jonathan Koop; (c) one-third shall be placed in escrow pending the resolution of this litigation.

(2)  Defendants Jonathan Koop and David Jeffress, and any entity controlled by either individual, shall immediately cease all activities in furtherance of any business venture intended to cultivate leads of litigious debtors to be sold to debtor litigators based upon the review of data acquired from debtholders in the course of their business dealings with Elite Enterprise Services, LLC;

(3)  In the event that any leads have been turned over to debt litigators based upon the review of data acquired from debtholders in the course of their business dealings with Elite Enterprise Services, LLC, Defendants Jonathan Koop and David Jeffress, and any entity controlled by either individual, shall immediately identify to this Court all data turned over and to whom said data was given and shall immediately notify the recipient(s) of the data that they are to immediately return said data;

(4) Defendant Jonathan Koop shall immediately restore Plaintiff Shawn Mulligan's access to the Egnyte operating system and all other access necessary to engage in business on behalf of Elite Enterprise Services, LLC;

(5) Defendants Jonathan Koop and David Jeffress, and any entity controlled by either individual, shall be prohibited from utilizing the existing website and/or domain name www.bkdeacquisitions.com and shall turn over to Plaintiff Shawn Mulligan exclusive access to

the website and domain name.

(6) Thrive Networks, Inc. shall be prohibited from releasing any information whatsoever in connection with Elite Enterprise Services, LLC or the confidential data stored with Thrive Networks, Inc. by Elite Enterprise Services, LLC, except that such information or data may be provided to Plaintiff Shawn Mulligan and Defendant Jonathan Koop.

**SO ORDERED.**

                                                                      /s/ *Timothy S. Hillman*
                                                                      **TIMOTHY S. HILLMAN**
                                                                      **DISTRICT JUDGE**