**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SHAWN MULLIGAN,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN KOOP, et al.<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION<br>)　NO. 15-40072-TSH<br>)<br>)<br>) |

**ORDER**

**August 27, 2018**

Hennessy, M.J.

　　By Order of Reference dated May 16, 2018, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #141), this matter was referred to me for a report and recommendation on Plaintiff Shawn Mulligan's Motion for Default Judgment with respect to Defendants Jonathan Koop and David Jeffress (Docket #135) if default judgment is deemed the appropriate sanction, or in the alternative, for an order if the undersigned determines that no or lesser sanctions are appropriate. A hearing on the motion with respect to Jeffress was held on July 30, 2018 and with respect to Koop on July 31, 2018. (Dockets #147, 154). Following these hearings, the undersigned ordered that both Defendants sit for their depositions by August 15, 2018, that both parties submit any outstanding answers to the Plaintiff's interrogatories and produce for inspection and copying any documents responsive to the Plaintiff's requests for production of documents by August 7, 2018; and that Koop produce for inspection and copying any 2017 tax return extensions for all corporate entities subject to the document request for 2017 tax returns, by July 31, 2018. (Dockets #149, 155). The undersigned noted that failure to comply with these

directives would necessarily impact the court's decision on the motion for default and set a further hearing date for August 21, 2018. (Id.).

At the hearing on August 21, 2018, the court confirmed that both Defendants had sat for their depositions. In addition, Jeffress stated that he had produced approximately forty emails in response to Plaintiff's request for production of documents but had not produced any responsive documents that were generated after April 7, 2016, the date on which he was served the request for production of documents. Jeffress had not previously provided any response to the requests for discovery. Jeffress also stated that he had not produced any text messages between himself and Koop as his text messages were only retained by the service provider for a period of two weeks and any other texts were purely social in nature.

In response to the July 31, 2018 order, Koop produced 9,000 pages of documents responsive to the Plaintiff's request for production of documents. Koop's counsel noted that the majority of these pages had been previously produced as of February of 2018, but that approximately 400-500 of the pages were being produced for the first time. Koop had not produced text messages between himself and Jeffress as the text messages were only retained by the carrier for a period of two to three weeks and the text messages to which he has access are purely social in nature. Koop's counsel also confirmed that Koop had produced all 2017 tax extensions covered by the July 31, 2018 order.

A. STANDARD

Federal Rule of Civil Procedure 37 permits a court to impose sanctions, including default, if a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). "This sanction 'must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be

tempted to such conduct in the absence of such a deterrent.'" AngioDynamics, Inc. v. Biolitec AG, 991 F. Supp. 2d 283, 290 (D. Mass. 2014) (quoting Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).  However, "[a] default judgment is itself a drastic sanction that should be employed only in an extreme situation." Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976).  "Thus, if a sanction less drastic than default will accomplish the twin goals of punishment and deterrence, such a penalty is appropriate." Hekking v. Hekking, No. 14-295ML, 2015 U.S. Dist. LEXIS 57890, at *40 (D.R.I. Mar. 17, 2015).

   B.  ANALYSIS

   1.  Defendant Jeffress

On April 7, 2016, Plaintiff served his First Request for Production of Documents and his First Set of Interrogatories on Jeffress.  (Docket #136-4).  On October 25, 2016, the parties, including Jeffress, jointly moved the court to enlarge scheduling order deadlines, specifically requesting that all discovery, other than expert discovery, be completed by February 20, 2017.  (Docket #87).  Judge Hillman granted this motion on November 4, 2016, and issued an amended scheduling order with the proposed fact discovery completion date.  (Dockets #88, 89).  At the hearing on July 30, 2018, Jeffress stated that he had provided no documents in response to the Plaintiff's discovery requests and was not in possession of any responsive documents.  However, as noted, in response to the undersigned's order entered later that day, Jeffress produced over forty emails responsive to the Plaintiff's First Request for Production of Documents.  At the hearing on August 21, 2018, Jeffress stated that his production was limited to documents generated prior to April 7, 2016, the date on which he was served the request for production of documents.

The undersigned finds that Jeffress has attempted to comply with the directives of the July 30, 2018 order. Therefore, the court will not grant the motion for default as to Jeffress. However, the undersigned does believe that a less drastic sanction is appropriate. Therefore, the undersigned recommends, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii), that during trial of this case, Jeffress be precluded from offering into evidence, referring to or otherwise using any documents responsive to the Plaintiff's First Request for Production of Documents (see Docket #136-4) that were not produced to Plaintiff by August 7, 2018.

2. Defendant Koop

Plaintiff first moved to compel Koop to respond to his First Request for Production of Documents and his First Set of Interrogatories on May 5, 2016. (Docket #83). That motion was granted by Judge Hillman on May 25, 2016. (Docket #85). On November 22, 2017, Plaintiff again moved to compel Koop to respond to his First Request for Production of Documents and his First Set of Interrogatories. (Docket #102). Judge Hillman granted this motion on January 24, 2018, and later ordered Koop to pay Plaintiff $26,225.50 in attorney's fees in conjunction with prosecuting his second motion to compel.[1] (Dockets #107, 122). Despite these prior court orders and sanctions, Koop still produced between 400-500 new pages of documents responsive to the Plaintiff's First Request for Production of Documents following the July 31, 2018 order. Koop now represents that all documents responsive to Plaintiff's First Request for Production of Documents have been produced.

In light of Koop's substantial compliance with the undersigned's order of July 31, 2018, I deny the motion for default. However, if it becomes apparent at trial that Koop's representations as to the completeness of his discovery responses are inaccurate, nothing would preclude

---

[1] Koop's failure to comply with Judge Hillman's order to pay attorney fees is the subject of a pending motion for contempt. (Docket #162).

Plaintiff from filing a subsequent motion for default. While the relief requested in the motion is denied, the motion did result in the production of 400-500 pages of documents that should have been produced under Judge Hillman's orders of May 25, 2016 and January 24, 2018, but would not otherwise have been produced by Koop. Hence, the undersigned finds that Plaintiff is entitled to an award of reasonable expenses, including attorney fees, for prosecuting the instant motion pursuant to Federal Rule of Civil Procedure 37(b)(2)(C).[2]

C. CONCLUSION

For the foregoing reasons, the motion for default (Docket #135) is hereby DENIED. The undersigned hereby RECOMMENDS that, during trial of this case, Jeffress be precluded from offering into evidence, referring to or otherwise using any documents responsive to the Plaintiff's request for production of documents (see Docket #136-4) which he did not produce to Plaintiff by August 7, 2018. Koop is hereby ORDERED to pay Plaintiff his reasonable expenses, including attorney fees, in prosecuting the motion for default. Plaintiff's counsel shall file an affidavit setting forth his reasonable expenses.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[2] While the undersigned contemplated requiring Jeffress to contribute to the award of attorney fees as the instant motion also resulted in the production of over forty emails by Jeffress that should have been produced by February 20, 2017, I ultimately determined that Jeffress' conduct was not of the same caliber as that of Koop. Mulligan's two motions to compel as well as Judge Hillman's order to pay attorney fees were directed only at Koop. (See Dockets #83, 102, 103, 122). Jeffress has not been the subject of a prior motion to compel.