UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAWN MULLIGAN,
       Plaintiff,

v.

JONATHAN KOOP, et al.
       Defendants.

CIVIL ACTION
NO. 15-40072-TSH

## ORDER

**September 6, 2018**

Hennessy, M.J.

By Order of Reference dated August 22, 2018, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #177), this matter was referred to me for a decision on Plaintiff Shawn Mulligan's Motion to Quash Defendant Jonathan Koop's Subpoena (Docket #172).

On August 10, 2018, Koop served a subpoena on Mulligan seeking the production of seven different categories of documents by August 21, 2018, specifically:

1. All Documents to be used at trial.

2. All documents listed in Plaintiff's pretrial disclosures.

3. Documents and emails retrieved from the Go Daddy server and referenced by counsel for the Plaintiff during the February 21, 2018 Court conference.

4. Copies of any and all documents reflecting or relating to any audit trail or audit log of the emails that Plaintiff claimed during the February 21, 2018 Court conference were deleted.

5. Business records of Plaintiff.

6. Business records of Vurik, LLC.

7. Any and all documents referring or relating to communications with the forensic examiner mentioned by Plaintiff's counsel during the January 24, 2018 Court conference.

(Docket #172-2). On August 20, 2018, Mulligan filed the instant motion seeking to quash the subpoena. (Docket #172).

In response to an inquiry from the undersigned, in an August 31, 2018 email, Koop stated that the subpoena with respect to categories 1, 2, and 6 was now moot, but the subpoena remained pending with respect to the other categories. Based on Koop's representation, the undersigned allows the motion with respect to categories 1, 2, and 6 of the subpoena.

In his opposition to Mulligan's motion to quash, Koop stated that the documents sought in categories 3, 4, and 7 of the subpoena were directly related to Mulligan's then pending motion for default judgment. (Docket #173 at 3). Koop argued that it was unfair for Mulligan to move forward with the request for the sanction of default based on Koop's alleged destruction of emails without giving Koop the opportunity to review the documentation on which the claim was based. (Id. at 3-4). On August 27, 2018, the undersigned denied the motion for default.[1] (Docket #197). This ruling moots the arguments Koop raised with respect to these categories of documents in his opposition. In his August 31, 2018 email to the undersigned, Koop argued that the subpoena was not moot as to these categories of documents because:

> Plaintiff is still pursuing the issue of the Defendant's claimed discovery violations. In particular, the Plaintiff has listed the Defendant's discovery responses as trial exhibits and counsel has suggested that Plaintiff is intending to make alleged discovery violations an issue at trial.

In addition to being speculative, this argument is really a matter for the trial court, which will be in the position to assess relevance, and, if discovery or production of some kind is needed, to

---

[1] On August 22, 2018, the undersigned held a hearing on Mulligan's motion for default. (Docket #178). As Judge Hillman had not yet referred the motion to quash at the time the hearing began, the undersigned did not address the parties' arguments with respect to that motion.

2

make the appropriate ruling on the scope of such discovery.[2]  Hence, the undersigned allows the motion with respect to categories 3, 4, and 7 of the subpoena.

Koop also seeks the production of Mulligan's business records in category 5 of the subpoena. (Docket #172-2). This is plainly a discovery request outside the scheduling order, which set a fact discovery deadline of February 20, 2017. (Docket #89). The undersigned hereby grants the motion to quash as to this category 5 of the subpoena as an attempt to end-run the discovery deadlines set or adopted by the court.

CONCLUSION

For the foregoing reasons, the motion to quash (Docket #172) is ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[2] I note that Koop has filed a motion in limine for a ruling excluding evidence and argument concerning his alleged discovery violations. (Docket #185). That motion remains pending before Judge Hillman.